**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAYWOOD HINTON,                :
                                                     Civil Action No. 06-0486 (JBS)
            Petitioner,    :

            v.                 :    **OPINION**

TROY LEVI,                     :

            Respondent.    :

**APPEARANCES:**

Petitioner pro se
Haywood Hinton
Philadelphia Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

**SIMANDLE**, District Judge

　　Petitioner Haywood Hinton, a prisoner currently confined at the Federal Detention Center in Philadelphia, Pennsylvania, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pursuant to 28 U.S.C. § 1915(a).  The sole respondent is Warden Troy Levi.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.

## I.   BACKGROUND

According to the allegations of the Petition, Petitioner was convicted in this Court of bank fraud and was sentenced, pursuant to an amended sentence, to a term of 60 months imprisonment to be followed by 5 years supervised release.  Petitioner was released from imprisonment and is now in custody pursuant to a warrant alleging violations of the conditions of supervised release.  See U.S. v. Hinton, 00-cr-0125 (D.N.J.).

Petitioner challenges his present detention on the ground that he already has served an excessive sentence, as his original sentence of imprisonment violated the rule of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756 (2005) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Petitioner also claims that any future finding that he has violated the terms and conditions of supervised release also requires a jury finding beyond a reasonable doubt, pursuant to Booker.

2

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

A.   Challenge to present confinement

Petitioner contends that his sentence violated the rule announced in Booker and that he, therefore, has served 2 to 3 years over the proper term of imprisonment.  Based on this allegedly excessive imprisonment, Petitioner argues that his present confinement based upon an alleged violation of the terms of supervised release, is illegal.

Petitioner has filed this § 2241 Petition in the district of conviction.  This Court lacks jurisdiction over this claim, however, which must be filed in the district of confinement, the Eastern District of Pennsylvania.  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.")

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Here, the Supreme Court has held that excessive time served in prison does not reduce the length of a related supervised release term.  U.S. v. Johnson, 529 U.S. 53 (2000).  Thus, it

4

does not appear that it would be in the interest of justice to transfer this claim to the District Court in the district of confinement.[2]

B.   Challenge to future order

Petitioner also contends that any future order of this Court determining that Petitioner has violated the terms of his supervised release is subject to the Booker rule requiring facts (other than prior convictions) that are essential to the punishment imposed to be admitted by the defendant or found by a jury beyond a reasonable doubt.

A challenge to a sentence as imposed is properly brought in the district of conviction.  28 U.S.C. § 2255.  Here, however, no order has been entered regarding the alleged violation of the terms of supervised release.  Thus, Petitioner's claim is premature under § 2255 and is more properly brought to the attention of the Court in connection with the pending criminal proceeding.

---

[2] Further, every court that has addressed the issue has determined that the rule of Booker does not apply to revocation proceedings in federal court. U.S. v. Work, 409 F.3d 484 (1st Cir. 2005); U.S. v. Fleming, 397 F.3d 95 (2d Cir. 2005); U.S. v. Redman, 131 Fed. Appx. 26 (4th Cir. 2005); U.S. v. Hinson, 429 F.3d 114 (5th Cir. 2005); U.S. v. Coleman, 404 F.3d 1103 (8th Cir. 2005); U.S. v. Keel, 2006 WL 231649 (11th Cir. Feb. 1, 2006) (unpubl.); Johnson v. U.S., 2006 WL 278284 (D. Del. Feb. 2, 2006).  This Court does not reach the issue because it is premature to do so.  To the extent that Mr. Hinton is represented by counsel in his ongoing supervised release revocation hearing, counsel is free to raise this or any other issue in U.S. v. Hinton, 00-cr-0125 (D.N.J.)

IV.  CONCLUSION

    For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

                                      **s/ Jerome B. Simandle**
                                      Jerome B. Simandle
                                      United States District Judge

Dated:  **March 27, 2006**